[717 NYS2d 786]

In the Matter of JESSALYN AA., an Infant. PHILLIP BB., Appellant.

Third Department, January 4, 2001

**APPEARANCES OF COUNSEL**

*Maria Lally Clark,* Valatie, for appellant.

*David Dylis, Law Guardian,* Ballston Spa, for infant.

## OPINION OF THE COURT

LAHTINEN, J.

Petitioner seeks to adopt Jessalyn AA., now 12 years old, the biological daughter of his former paramour. Petitioner and Jessalyn's mother lived together for the first four years of Jessalyn's life. Since ending his relationship with Jessalyn's mother, petitioner has married but continues to maintain his relationship with Jessalyn, having her in his home on a regular and frequent basis and providing her with financial and emotional support. Petitioner's present wife, who does not join in petitioner's application for adoption, Jessalyn's mother, who intends to continue to discharge her parental duties, and Jessalyn's Law Guardian all support petitioner's application. Upon review of the petition and supporting documents, Family Court, in a written opinion, determined that petitioner lacked standing in that Domestic Relations Law § 110 does not permit adoption by a married person whose spouse does not join in the application and dismissed the petition.

Petitioner concedes that the language of Domestic Relations Law § 110 does not list a married person whose spouse does not join in the adoption petition as one who may adopt, but claims that the legislative purpose of furthering the best interest of the child inherent in the adoption statute would be thwarted if Family Court's order is not reversed (*see, Matter of Jacob*, 86 NY2d 651; *cf., Matter of Mary Elizabeth*, 177 Misc 2d 513).

In reviewing the adoption statute, which must be strictly construed (*see, Matter of Jacob, supra*, at 657), we find the language of the statute free from ambiguity and a plain, clear and distinct expression of legislative intent (*see, Matter of Lloyd v Grella*, 83 NY2d 537, 545-546; McKinney's Cons Laws of NY, Book 1, Statutes § 76). We note particularly that the failure of the Legislature to include a provision in Domestic Relations Law § 110 allowing prospective adoptive parents in petitioner's situation to file a petition for adoption is considered presumptively intentional (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 74). Notwithstanding the compelling facts presented here which favor adoption, we find nothing ambiguous about the statute which would allow this Court to imply standing for petitioner through judicial interpretation.

Since it is this Court's finding that Domestic Relations Law § 110 excludes petitioner from the statutory list of people who may adopt, we are constrained to affirm Family Court's order. In light of the above, we are precluded from reaching the merits

of the petition as petitioner requests.

CREW III, J. P., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, without costs.